# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Robert Steele, | Case No. 2:23-cv-02155-GMN-MDC |
| Plaintiff, | **Order** |
| vs. | Application to proceed in forma pauperis (EFC No. 1) and Complaint (ECF No. 1-1) |
| Tik Tok, et al., | |
| Defendants. | |

Pro se plaintiff Robert Steele filed an *application to proceed in forma pauperis* (IFP) and a *complaint.* ECF Nos. 1 and 1-1. The Court grants his IFP application and dismisses his complaint with leave to refile. *Id.*

## DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

### I.    Whether plaintiff may proceed in forma pauperis

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff filled out the long IFP form. ECF No. 1. He states that he is currently unemployed and that his spouse makes $2,300 per month. *Id.* Plaintiff states that he has about $500 in savings and that his rent every month is $1,716.91. *Id.* The Court grants plaintiff's IFP application. *Id.*

## II.    Whether plaintiff's complaint states a plausible claim

### a. Legal standard

Since the Court grants plaintiff's IFP application, the Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Complaint

Plaintiff's allegations are sparse: he alleges that the social media platform TikTok is using

marketing techniques to alter the minds of children to hate their country and the U.S. Marines. ECF No. 1-1. Plaintiff alleges that TikTok has violated multiple federal criminal statutes. *Id.* Plaintiff seeks $200 million dollars donated to the "Church of Knowledge." *Id.*

### i. Standing

Standing to sue is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); see also *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) (standing is a "threshold question in every federal case"). Jurisdictional defects, including standing, must be raised by courts sua sponte. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). To show that a party has standing, he must establish that: (1) he suffered an "injury in fact;" (2) there is causal connection between the injury and the allegedly wrongful conduct; and (3) the injury would likely be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

The entirety of the plaintiff's complaint is centered around an injury that was not suffered by him, but rather by children, in general. Plaintiff also does not seek damages for himself, but for the Church of Knowledge, which is not a party to this lawsuit. A party generally has no standing to sue for an injury suffered by another. *Cf. Warth*, 422 U.S. at 502 ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members…which they purport to represent."). Plaintiff puts forth no other theories that might support third party standing. He fails to meet his burden under Lujan and has not shown that he has standing to sue for the allegations in the complaint. The Court dismisses the complaint without prejudice pursuant to § 1915(e).

### ii. Plaintiff cannot bring claims pursuant to criminal statutes

Plaintiff asserts that TikTok violated 18 U.S. Code Sections 2381, 2384, 2385, 2387, 2388, 2389, 2441, and 2442. These statutes are criminal statutes. It is well-established that "private individuals lack

standing to assert claims for relief based on criminal statutes." *Redmond v. United States*, No. 22-cv-01107-TSH, 2022 U.S. Dist. LEXIS 79162, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (collecting cases); see also *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("These criminal provisions, however, provide no basis for civil liability."). Plaintiff's claims must be dismissed.

### c.  Conclusion

Plaintiff fails to articulate a claim or claims against any defendant. It is possible that these deficiencies may be cured through amendment.  Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining how this Court has jurisdiction over the defendants, the circumstances of the case, the relief plaintiff seeks, and the law upon which he relies in bringing the case.  The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.  LR 15-1(a). The Court also notes that plaintiff is a frequent litigator in this Court, and that his cases are frequently dismissed. The Court warns plaintiff that his behavior is bordering on vexatious.

**It is so Ordered:**

1.  That plaintiff Robert Steele's *application to proceed in forma pauperis* (ECF No. 1) is GRANTED.

2.   That plaintiff Robert Steele's *complaint* (ECF No. 1-1) is DISMISSED without prejudice.

3.  That plaintiff has until **Monday, April 1, 2024** to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

4.  The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

5.  The Court cautions plaintiff Robert Steele that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

It is so ordered.

Dated this 29th day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge

5